UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

SERENDIPITY LABS, INC.,

Debtor.

_____/

Misc. Proc. No. 20-71003-SWD

U.S. Bankr. Court (N.D. GA.)
Case No: 20-68124 (SMS)
Chapter 11

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

In a chapter 11 case pending in the United States Bankruptcy Court for the Northern District of Georgia, creditor Hall Los Angeles WTS, LLC ("Hall WTS") challenged the election by debtor Serendipity Labs, Inc. (the "Debtor") to proceed as a "small business debtor" under Subchapter V of title 11 (Small Business Debtor Reorganization). Hall WTS's challenge to the Debtor's eligibility depends on whether Steelcase, Inc. ("Steelcase") and the Debtor are "affiliates" of the Debtor as defined in 11 U.S.C. § 101(2).[1]

On October 5, 2020, the court conducted a telephone hearing to consider Hall WTS's Motion to Compel Compliance with Subpoena Directed to Steelcase, Inc. (the "Motion," ECF No. 1). The Motion, though related to a case pending in the Northern District of Georgia under the caption *In re Serendipity Labs, Inc.*, Case No. 20-68124 (SMS), is before the court in the Western District of Michigan pursuant to Rules 45 and 9016 because Hall WTS sought to require Steelcase to produce documents and to depose a Steelcase representative here. No one suggests that the

_____

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. In addition, the court will refer to any Federal Rule of Bankruptcy Procedure or Federal Rule of Civil Procedure simply as "Rule ___," relying on the numbering convention for each set of rules to signal the intended reference.

Motion should be heard in Georgia.  *See* Fed. R. Civ. P. 45(d)(2)(B)(i) and (f).  Relatedly, despite the origins of this dispute in Georgia, the court has jurisdiction to resolve the Motion for the reasons recently set forth in *In re Carlson*, Misc. Proc. No. 20-71002-SWD, 2020 WL 1933924, at *1 (Bankr. W.D. Mich. Apr. 21, 2020); *see also* Order entered Sept. 29, 2020 in Case No. 1:20-mc-66 (W.D. Mich.) (referring Motion to the bankruptcy court).

At the outset, the court finds no merit in Hall WTS's position that Steelcase waived its objection to the subpoena. Indeed, within five days of its service on Steelcase, counsel sent an email that could only be characterized as an objection, and followed up a few days later with a more formal document.  Given the abbreviated deadline for compliance with the subpoena, the court is unwilling to find waiver.

Because this discovery dispute arises in a Rule 9014 contested matter (rather than an examination under Rule 2004), Rule 26 governs the scope of discovery.  *See* Fed. R. Bankr. P. 9014(c)(incorporating Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26).  Regarding the scope of discovery in general, Rule 26 provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Significantly, the opening phrase of the rule gives the court authority to limit the scope of discovery beyond the usual scope which, sensibly, is tied to matters that are "relevant to any party's claim or defense…" *Id.*  The court looks to the factors enumerated in Rule

26(b)(1) for guidance in allowing, or limiting, discovery in a contested matter. Moreover, no one should doubt the court's resolve in protecting non-parties from any undue burden of discovery. *In re Modern Plastics Corp.,* Slip Op. Case No. 09-00651, 2015 WL 13866302 (Bankr. W.D. Mich. July 23, 2015), *aff'd*, 577 B.R. 690 (W.D. Mich. 2017), *aff'd*, 890 F.3d 244 (6th Cir.), *cert. denied sub nom. New Prod. Corp. v. Dickinson Wright, PLLC,* 139 S. Ct. 289 (2018).

The gist of Hall WTS's objection to the Debtor's eligibility under Subchapter V is that the Debtor cannot be a small business "debtor" because it is "an affiliate of an issuer, as defined in section 3 of the Securities Exchange Act of 1934," and because Steelcase is an "issuer" under the federal securities laws. *See* Motion at ¶ 11; *see also* 11 U.S.C. § 1182(1)(b) (excluding from definition of "debtor" under Subchapter V "any debtor that is an affiliate of an issuer, as defined in section 3 of the Securities Exchange Act of 1934 (15 U.S.C. 78c)").  During the hearing, counsel for Hall WTS clarified that the status of Steelcase as an "issuer" is no longer at issue in this Motion.

This disqualifying limitation in Section 1182 will require the bankruptcy court in Georgia to consider whether the Debtor and Steelcase are "affiliates," a term that means:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised
such power to vote . . .

11 U.S.C. § 101(2). Although the ultimate decision on whether the Debtor meets the statutory

definition for eligibility under § 1182 is exclusively a matter for the bankruptcy judge in Georgia,

the definition of "affiliate" necessarily affects the scope of discovery in our district -- the only

dispute at issue in the Motion.

At the hearing, Hall WTS's counsel announced that the only discovery his client is

currently asking the court to require is the deposition testimony of a Steelcase representative under

Rule 30(b)(6).[2] More specifically according to the deposition notice, Hall WTS seeks to depose

the Steelcase designee concerning the following subject areas:

a.    the Deponent's relationship with the Debtor;
b.    the Deponent's involvement with the decision-making and
      operations of the Debtor;
c.    the Deponent's ownership interest in the Debtor;
d.    the Deponent's relationship with the wholly owned
      subsidiaries of the Debtor;
e.    the Deponent's relationship with joint ventures the Debtor is
      engaged in; and
f.    the Debtor's election of Subchapter V of Chapter 11.

*See* Motion at Exh. A ("Notice of Intent to Take Oral Deposition of Designated Corporate

Representative(s) of Non-Party Steelcase, Inc.," ECF No. 1, pp. 25-26). Of this enumeration, only

items "c" and perhaps "f" seem related to the issue of Steelcase's voting rights  -- most others

pertain to Steelcase's business relationships more generally.

When pressed to explain the relationship between the discovery that he was seeking from

the Steelcase representative and the voting rights made relevant under § 101(2), counsel said he

seeks testimony about Steelcase's control over the operations of the Debtor, and more specifically

---

[2] The court infers that Hall WTS has abandoned its request for production of documents from Steelcase.

decisions the Debtor's board took, with Steelcase's involvement, related to Hall WTS's loan that was coming due in August and other potential actions the Debtor might have taken in connection with the loan. This response, undoubtedly candid, strays from the relatively mathematical calculation the court regards as required by § 101(2), -- a calculation that should be addressed easily from the Debtor and its corporate documents (by-laws and board minutes, for example) rather than the testimony of a shareholder's representative on short notice. As noted above, the issue in the contested matter (as it pertains to Steelcase) is the extent of Steelcase's ownership (whether it meets the 20% threshold for voting securities). Hall WTS gave the court no reason during the hearing to conclude that a broad ranging inquiry into Steelcase's involvement in the operations of the Debtor dating back to January 2019 is necessary to answer this question, or that anything more than a review of documents would be necessary to prosecute its objection in the Northern District of Georgia on Wednesday.

After considering the obvious burden of requiring a Steelcase representative to prepare for and give testimony by tomorrow, as well as the notion of proportionality and the factors outlined in Rule 26, the court finds that the burden or expense of the proposed discovery outweighs its likely benefit. *Cf. In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir.)("Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor"), *cert. denied sub nom. New Prod. Corp. v. Dickinson Wright, PLLC,* 139 S. Ct. 289 (2018).


NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED and the subpoena dated Sept. 2, 2020 is QUASHED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to

Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Jeffery M. Veteto, Esq., Randal R. Cole, Esq.,

Lauren Beslow, Esq., and Mark S. Pendery, Esq.


END OF ORDER


**IT IS SO ORDERED.**

**Dated October 5, 2020**



Scott W. Dales
United States Bankruptcy Judge